UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants. | No.  2:21-cv-0510 KJM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff was given an opportunity to file an amended complaint after the original complaint was screened and found to not state any claims for relief.  ECF No. 22.  After receiving several extensions of time, plaintiff has filed a first amended complaint.  ECF No. 39.

I.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. <u>First Amended Complaint</u>

The first amended complaint alleges that defendants Lynch, Bobbala, Soltanian-Zadeh, Ma, Uddin, Rattan, Roth, and Ybarra violated plaintiff's rights under the First and Eighth Amendment. ECF No. 39.

Plaintiff alleges that July 21, 2017, Soltanian-Zadeh told plaintiff that he did not deserve his cane because he had filed an appeal. Id. at 6. Soltanian-Zadeh then took plaintiff's cane and discontinued all of his disability verifications and chronos, all of which appear related to plaintiff's mobility. Id. at 6-7. Ten days later, plaintiff went on a hunger strike and was interviewed regarding the hunger strike by Bobbala, at which time she told him that she would reinstate his disability verifications if he stopped his hunger strike. Id. at 5-6. Plaintiff stated that he would only stop the hunger strike once everything was reinstated, but Bobbala refused to reinstate the verifications until plaintiff stopped his hunger strike. Id. at 6. Later, another doctor manipulated plaintiff into discontinuing his hunger strike by promising, among other things, to reinstate plaintiff's disability accommodations, but instead failed to record the agreement and updated plaintiff's medical records to say that he did not have sarcoidosis disease. Id. When plaintiff told Bobbala about the agreement, she told him there was nothing she could do because he does not have sarcoidosis disease. Id.

In May 2019, plaintiff experienced an extreme bout of pain that caused him to fall to the floor and urinate and defecate on himself which he believes was caused by his azathioprine (an immunosuppressant). Id. at 8. He reported this experience to Ma and also reported an injury to his elbow. Id. at 8-9. Ma ordered an elbow x-ray and recorded that plaintiff reported elbow pain and had decreased range of motion, but that plaintiff denied injury, numbness, or weakness. Id. at 9. Plaintiff appears to allege that the notation that the denied injury, numbness, or weakness is untrue. Id. Ma then asked plaintiff why he had medical single-cell status when he did not fit the criteria. Id. Plaintiff told Ma that he did fit the criteria because of his chronic sarcoidosis disease with pulmonary sarcoid lung disease and white blood cell disorder. Id. When Ma saw plaintiff for a follow-up to some testing, Ma told plaintiff he had osteopenia but did not explain what that was or where plaintiff had it. Id. at 10. Ma also told plaintiff he had a mild heart condition but

did not specify that plaintiff had seven different heart conditions. Id. When Ma once again asked plaintiff about his medical single-cell status, plaintiff began to believe that Ma had "done something" to his azathioprine so that he could discontinue plaintiff's single-cell status once he stopped taking the medication. Id. Ma ultimately discontinued plaintiff's medical-single cell status, stating that he did not meet the criteria. Id. at 9-10. Plaintiff submitted multiple health care grievances, presumably about Ma's treatment, that were denied by Bobbala. Id. at 9.

With respect to the other defendants, plaintiff alleges that Lynch is the warden of the prison and is therefore responsible "for the daily operational function and adherence to the policy and procedures," including medical and condones the denial of medical care. Id. at 5. Uddin and Rattan are both doctors who allegedly falsified plaintiff's medical records and denied him "adequate medical care and treatment and attempt of murder on [his] life." Id. at 11. Roth and Ybarra are correctional staff who allegedly denied him medical single-cell status and a medical transfer to a medical prison. Id.

### III.   Claims for Which a Response Will Be Required

#### A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted).

Plaintiff has sufficiently alleged that defendant Soltanian-Zadeh and Bobbala were deliberately indifferent to his serious medical needs when Soltanian-Zadeh discontinued plaintiff's disability verifications and chronos for non-medical reasons and when Bobbala

4

refused to reinstate them unless plaintiff stopped his hunger strike. These defendants will be required to respond to the complaint.

### B. Retaliation

Plaintiff has also sufficiently alleged that Soltanian-Zadeh's discontinuation of his disability verifications and chronos was retaliatory, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal), and Soltanian-Zadeh will be required to respond to this claim.

## IV. Failure to State a Claim

### A. Defendant Ma

A difference of opinion between inmate and prison medical personnel—or between medical professionals—regarding the appropriate course of treatment does not by itself amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To establish that a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

Plaintiff has alleged, at most, a difference of opinion as to whether he qualifies for medical single-cell status. It is unclear from the allegations that plaintiff qualifies for a medical order for single-cell status, and even if he does qualify for such status, the allegations reflect that Ma does not believe plaintiff qualifies and plaintiff has failed to identify what excessive risk to his health Ma ignored in cancelling his single-cell status. Plaintiff's claims regarding Ma's treatment of his elbow and failure to advise plaintiff of his medical conditions to the degree of specificity he believes appropriate also fail to state claims for relief. The allegations show that Ma examined plaintiff's elbow and ordered an x-ray, and plaintiff fails to establish that Ma's failure to inform him of the specifics of his conditions was inappropriate or created an excessive risk to plaintiff's health. Finally, the claim that Ma did something to plaintiff's medication also

fails to state a claim for relief because it is based on pure speculation.

B. Grievances

With respect to plaintiff's claims that Bobbala denied his grievances, prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates. See Jett, 439 F.3d at 1098 (prison administrators "are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help" (citations omitted)). Therefore, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. See id. However, plaintiff's allegations fail to state a claim for relief because they do not show that his grievances contained information that would have put Bobbala on notice of an ongoing constitutional violation such that she could have intervened.

C. Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Because plaintiff makes only conclusory allegations that defendants Uddin, Rattan, Roth, and Ybarra violated his rights, he fails to state a claim for relief against them. It is further unclear how Roth and Ybarra, as correctional staff, would have had the authority to make decisions regarding plaintiff's medical status.

With respect to Lynch, "[t]here is no respondeat superior liability under section 1983," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and plaintiff has not alleged facts showing either Lynch's personal involvement in the alleged violations or a causal connection between Lynch's conduct and the violation, see Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). It appears that Lynch has been named as a defendant based solely on his position as warden, which is insufficient to state a claim for relief.

V.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state a claim against Bobbala for denying his grievance or any cognizable claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given one final opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Soltanian-Zadeh and Bobbala on his claims that they were deliberately indifferent to his serious medical needs and that Soltanian-Zadeh retaliated against him or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his cognizable claims against defendants Soltanian-Zadeh and Bobbala without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of his claim against Bobbala for denying his grievance and all claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

7

1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any prior complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.    Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not.  You have stated a claim for deliberate indifference against defendants Soltanian-Zadeh and Bobbala based on the revocation and failure to reinstate your disability verifications and chronos and against Soltanian-Zadeh for retaliation.  You have not stated a claim against Bobbala based on the denial of your grievances because you have not shown that she was aware of an ongoing violation and failed to intervene.  You also have not stated any claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra because you have not alleged any specific facts about what they did that you believe violated your rights.

You have a choice to make.  You may *either* (1) proceed immediately on your claims for deliberate indifference against defendants Soltanian-Zadeh and Bobbala based on the revocation and failure to reinstate your disability verifications and chronos and for retaliation against Soltanian-Zadeh, and voluntarily dismiss the other claims, *or* (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claim against Bobbala based on the denial of your grievances and all claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra.  If you choose to file a second amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the second amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e., file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's allegation that Bobbala denied his grievances and his allegations against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his claims for deliberate indifference against defendants Soltanian-Zadeh and Bobbala based on the revocation and failure to reinstate his disability verifications and chronos and for retaliation against Soltanian-Zadeh as set forth in Section III above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against Bobbala for denying his grievances and all claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra.

DATED: October 16, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON,<br><br>         Plaintiff,<br><br>     v.<br><br>JEFF LYNCH, et al.,<br><br>         Defendants. | No.  2:21-cv-0510 KJM AC P<br><br><u>NOTICE OF ELECTION</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his claims for deliberate indifference against defendants Soltanian-Zadeh and Bobbala based on the revocation and failure to reinstate his disability verifications and chronos and for retaliation against Soltanian-Zadeh without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against Bobbala for denying his grievances and all claims against Ma, Lynch, Uddin, Rattan, Roth, and Ybarra pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                 _____
                                                 Carlos Manwell Dawson
                                                 Plaintiff pro se

1