UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON,<br><br>Plaintiff,<br><br>v.<br><br>JEFF LYNCH, et al.,<br><br>Defendants. | No. 2:21-cv-0510 KJM AC P<br><br><br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF No. 50. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests counsel on the grounds that he is indigent, he has limited access to the law library and limited legal knowledge, and a trial will involve conflicting testimony. ECF No. 50 at 1-2. He also alleges that he suffers from various medical conditions that make pursuing this case without representation difficult. Id. at 2-7. The circumstances plaintiff identifies are common to most inmates and therefore do not establish extraordinary circumstances. Furthermore, plaintiff has thus far demonstrated that he is capable of articulating his claims without assistance and any request based on the need for counsel at trial is premature. Finally, the mere claim that plaintiff suffers from various health conditions is not enough to establish exceptional circumstances warranting appointment of counsel. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments. For these reasons, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 50) is DENIED.

DATED: July 8, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2