UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON, | No. 2:21-cv-0510 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed another motion for appointment of counsel. ECF No. 56. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In denying plaintiff's previous request, the court the court advised plaintiff that if he was requesting appointment of counsel based upon his health conditions, the fact that he suffered from those conditions was not sufficient to establish exceptional circumstances and he would have to identify the conditions he suffered from, explain how they prevented him from proceeding without counsel, and provide medical documentation to support his claimed impairments.  ECF No. 55 at 2.  Plaintiff has now filed a request for counsel that alleges that he suffers from chronic sarcoidosis, glaucoma, cataracts, diabetes, leukopenia, neutropenia, asthma, and a variety of other health conditions.  ECF No. 56 at 1-4.  He attaches various medical records to support his motion.  Id. at 4-61.

Review of the medical records provided verifies that plaintiff suffers from a variety of medical conditions.  Id.  However, the records do not support plaintiff's contention that he is unable to proceed without the assistance of counsel and many of the records are merely informational printouts related to plaintiff's conditions rather than assessments of plaintiff's actual condition.  The court further finds that plaintiff has thus far demonstrated he is capable of proceeding without counsel's assistance.  Based on these factors, plaintiff has not shown the existence of extraordinary circumstances warranting the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 56) is DENIED.

DATED: July 30, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE