UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON, | No. 2:21-cv-0510 DC AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff requests the appointment of counsel on the grounds that he has a sixth grade reading level and no legal education. ECF No. 85 at 1. He also asserts that he suffers from several conditions that affect his vision. Id. at 2. Plaintiff's reading level and lack of legal education are circumstances common to most prisoners. Furthermore, plaintiff has been advised on more than one occasion that the fact that he suffers from medical conditions, without more, does not establish a need for counsel. See ECF No. 55 at 2; ECF No. 57 at 2. Though plaintiff once against provides documentation confirming his medical conditions, he has not provided any assessments or other records that demonstrate that these conditions prevent him from representing himself. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 85) is DENIED without prejudice.

DATED: March 18, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2