1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CARLOS MANWELL DAWSON,                      No.  2:21-cv-0510 DC AC P

12                      Plaintiff,

13            v.                                   ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    JEFF LYNCH, et al.,

15                      Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Currently before the court are plaintiff's motion for preliminary injunction (ECF

19   No. 87) and defendant Bobbala's motion to compel discovery (ECF No. 92).

20        I.       Motion for Preliminary Injunction

21         Plaintiff has filed a motion for preliminary injunction in which he request that he be

22   granted medical single cell status and transferred to California Medical Facility.  ECF No. 87 at 8.

23   Defendants Bobbala, Ma, and Uddin oppose the motion.  ECF Nos. 88, 89.

24         "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

25   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

26   balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

27   Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  In order to prevail on a

28   motion for preliminary injunctive relief, the Ninth Circuit has also held

                                                1

1

2

3

4

5

6

that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

7    Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015).

8    Plaintiff's claims related to the discontinuation of his single cell status and denial of a

9    transfer to a medical prison were dismissed at the screening stage. ECF Nos. 51, 70. Because

10   these claims have been dismissed and the remaining claims are not related to his cell status or

11   prison assignment, he cannot show any likelihood of success on the merits.

12   A district court also has no authority to grant relief in the form of a preliminary injunction

13   where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584

14   (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . .

15   court, without which the court is powerless to proceed to an adjudication." (alteration in original)

16   (citation and internal quotation omitted)). Plaintiff states that he is attempting to enjoin conduct

17   by Salinas Valley State Prison custody, administrative, and medical staff. ECF No. 87 at 1. In

18   opposing the motion, defendants Bobbala, Ma, and Uddin assert they have no authority to provide

19   the relief plaintiff seeks because they are employed at California State Prison, Sacramento (ECF

20   No. 88 at 4; ECF No. 89 at 5), and while Soltanian-Zadeh has not responded to the motion, his

21   motion to modify the scheduling order reflects that he has retired from the California Department

22   of Corrections (ECF No. 90-1 at 2). It is therefore clear that plaintiff is not attempting to enjoin

23   defendants' conduct. The court lacks jurisdiction over the non-party Salinas Valley State Prison

24   employees unless plaintiff provides facts showing that they are acting "in active concert or

25   participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine

26   Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until

27   shown to be in concert or participation.")). Plaintiff has failed to provide any such facts.

28   For these reasons, the motion for a preliminary injunction should be denied.

2

1    II.    Motion to Compel

2    Defendant Bobbala has filed a motion to compel.  ECF No. 92.  After plaintiff failed to

3    respond to the motion, the court ordered him to do so within twenty-one days and cautioned that

4    failure to respond could result in the imposition of sanctions or a recommendation that this action

5    be dismissed.  ECF No. 93.  Twenty-one days have now passed, and plaintiff has not filed any

6    response to the motion.

7    Bobbala served interrogatories and requests for production on plaintiff on March 4, 2025.

8    ECF No. 3.  After plaintiff failed to respond to the discovery requests, defense counsel sent him a

9    letter regarding the failure and then had a telephone call with him where she agreed to extend his

10    deadline to submit responses.  ECF No. 92 at 3.  Approximately two weeks later, and after the

11    agreed upon deadline had passed, plaintiff left a voicemail for counsel saying he hoped to have

12    the responses in the mail by May 26, 2025.  Id.  As of the July 9, 2025, filing of the motion to

13    compel, Bobbala had not received plaintiff's responses.  ECF No. 92.

14    Plaintiff has failed to respond to discovery requests and to the motion to compel, and he

15    has not provided any explanation for his failures to act.[1]  Accordingly, defendant Bobbala's

16    motion to compel will be granted and plaintiff will be required to provide responses to the

17    interrogatories and requests for production without objection.  Having initiated this lawsuit,

18    plaintiff has an obligation to pursue it diligently, and that includes participating in the discovery

19    process.  If plaintiff fails to comply with this order, he will be subject to sanctions, which shall

20    range up to dismissal of this case for failure to prosecute and failure to comply with a court order.

21    See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110.

22    CONCLUSION

23    Accordingly, IT IS HEREBY ORDERED that:

24    1.   Defendant Bobbala's motion to compel (ECF No. 92) is granted.

25    2.   Within fourteen days of the service of this order, plaintiff must provide responses to

26

27    [1]  The requests for discovery appear to be reasonably related to the issues in this case.  ECF No.
92 at 10-11, 15.  However, even if the requests were not reasonably related, plaintiff would still

28    be obligated to at least raise any objections he might have to the requests.

3

1     defendant's interrogatories and requests for production without objection.

2         3.   If plaintiff fails to comply with this order, he will be subject to sanctions which shall

3     range up to dismissal of this case for failure to prosecute and failure to comply with a court order.

4     See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110.

5         IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunction

6     (ECF No. 87) be DENIED.

7         These findings and recommendations are submitted to the United States District Judge

8     assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

9     after being served with these findings and recommendations, any party may file written

10     objections with the court and serve a copy on all parties.  Such a document should be captioned

11     "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12     objections shall be served and filed within fourteen days after service of the objections.  The

13     parties are advised that failure to file objections within the specified time may waive the right to

14     appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15     DATED: September 26, 2025

16

17     ALLISON CLAIRE
       UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28