UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MANWELL DAWSON,<br>Plaintiff,<br>v.<br>JIAN MA, et al.,<br>Defendants. | No. 2:21-cv-0510 DC AC PC<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This case is before the court on multiple motions to compel discovery responses and plaintiff's participation in his own deposition, brought by defendants. ECF Nos. 97, 99, 100, 101. Plaintiff substantively opposes the motions in his filing entitled "Notice re: emergency notification to the Court." ECF No. 103. Plaintiff also filed a motion for an expedited trial. ECF No. 112. Because it is clear that plaintiff is refusing to properly participate in discovery, defendants' motions are GRANTED. Plaintiff's motion for an expedited trial is DENIED.

## I. Relevant Background

Plaintiff filed this case on March 19, 2021. On August 26, 2025, the court granted a motion to compel discovery responses brought by defendant Manjula Bobbala. ECF No. 95. In that order, the court acknowledged plaintiff's failure to meaningfully participate in the discovery process and ordered plaintiff to provide substantive interrogatory responses. The court explained

to plaintiff that "[h]aving initiated this lawsuit, plaintiff has an obligation to pursue it diligently, and that includes participating in the discovery process. If plaintiff fails to comply with this order, he will be subject to sanctions, which shall range up to dismissal of this case for failure to prosecute and failure to comply with a court order. See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110." Id. at 3.

## II. Motions and Opposition

A. Defendant Bobala's Motion (ECF No. 97)

Defendant Bobbala moves under Federal Rules of Civil Procedure 26, 33, 34, and 37 for an order to compel plaintiff to provide substantive supplemental responses and produce responsive documents to Defendant Bobbala M.D.'s First Set of Requests for Production of Documents and First Set of Interrogatories, as required by the court's prior order dated September 29, 2025. ECF No. 97, 92, 95. Specifically, plaintiff's responses were unacceptable because plaintiff responded "Defense counsel has document, already" or asserted the same sentiment using different language to every question and request. Declaration of Maria Zhurnalova-Juppunov Decl., ¶6, Exhibit B.

On October 1, 2025, counsel for Dr. Bobbala sent a meet and confer letter regarding the deficiencies of plaintiff's responses plaintiff. Id. at Ex. C. The letter explained what is necessary for interrogatory responses and advised that if code complaint responses and documents were not received by October 17, 2025, Dr. Bobbala would be filing a motion to compel and seeking sanctions. On October 1, 2025, plaintiff and counsel for Dr. Bobbala met and conferred over the phone. Counsel for Dr. Bobbala notified plaintiff that she had mailed him a letter regarding the deficiencies of his prior responses and plaintiff expressed willingness to provide supplemental responses. Zhurnalova-Juppunov Decl., ¶ 7. As of November 10, 2025, defense counsel received no responses, and no documents had been produced. Id. at ¶ 8.

B. Defendant J. Ma, M.D.'s Motion (ECF No. 99)

Defendant Ma likewise moves to compel discovery responses and also seeks monetary sanctions. ECF No. 99 at 1. On April 2, 2025, Dr. Ma served plaintiff with Interrogatories, Set One, and Requests for Production of Documents, Set One. Declaration of Robert Panza, ¶ 3,

Exhibits A, B. Plaintiff's responses to these discovery requests were due on May 20, 2025. ECF No. 84. Dr. Ma's counsel did not receive responses to these discovery requests, so on June 17, 2025, he drafted and sent plaintiff a meet-and-confer letter, demanding that plaintiff immediately serve responses to Ma's written discovery requests. Panza Decl., ¶¶ 3-4. Plaintiff subsequently served written responses that were deficient, not compliant with the Federal Rules of Civil Procedure, and evasive. Id. ¶ 4, Exhibits C, D. Specifically, as he did with the requests served by Dr. Bobbala, plaintiff responded "Defense counsel has document, already" or asserted the same sentiment using different language to every question and request. Id.

On August 6, 2025, Dr. Ma's counsel met and conferred with plaintiff over the phone about his deficient discovery responses and plaintiff agreed to generally provide supplemental responses within six weeks of their call, i.e. by September 17, 2025. Id., ¶ 5; ECF Nos. 94, 94-1, 94-2. As of November 20, 2025, Dr. Ma had not received supplemental responses from plaintiff to the written discovery propounded on April 2, 2025, and has received no production of documents from plaintiff. Panza Declaration, ¶¶ 5-6.

C. Defendant M. Uddin's Motion (ECF No. 100)

Defendant Uddin moves to compel discovery responses and also seeks monetary sanctions. ECF No. 100 at 1. On April 2, 2025, Dr. Uddin served plaintiff with written Interrogatories, Set One and Requests for Production of Documents, Set One. Panza Declaration, ¶ 3, Exhibits A, B Plaintiff's responses to these discovery requests were due on May 20, 2025. ECF No. 84. Dr Uddin's counsel did not receive responses to these discovery requests, so on June 17, 2025, he send plaintiff a meet-and-confer letter, demanding that plaintiff immediately serve responses to defendant's written discovery requests. Panza Declaration, ¶¶ 3-4. Plaintiff subsequently served written responses to Dr. Uddin's Interrogatories, Set One and Requests for Production of Documents, Set One, which were deficient, non-compliant with the Federal Rules of Civil Procedure, and evasive, for the same reasons that the responses to Dr. Ma and Dr. Bobbala's discovery requests were insufficient. Id. ¶ 4, Exhibits C, D.

On August 6, 2025, Dr. Uddin's counsel met and conferred with plaintiff over the phone about his deficient responses and plaintiff agreed to generally provide supplemental

responses within six weeks of their call, i.e. by September 17, 2025. Id., ¶ 5; ECF Nos. 94, 94-1, 94-2. However, as of November 20, 2025, Dr. Uddin had not received supplemental responses from plaintiff to the written discovery propounded on April 2, 2025, and had received no production of documents from plaintiff. Panza Declaration, ¶¶ 5-6.

D. Defendants' Motion to Compel Deposition Appearance (ECF No. 101)

Defendant Drs. Ma and Uddin jointly move to compel plaintiff's appearance and testimony at his own deposition. ECF No. 101. On October 10, 2025, Dr. Ma and Dr. Uddin mail-served Plaintiff with a notice of deposition setting plaintiff's deposition to occur on November 13, 2025, at 7:00 a.m. at Salinas Valley State Prison where plaintiff was housed housed, with the deposition to be taken by remote videoconference platform. Panza Declaration at ¶ 3; Exhibit A – Notice of Deposition. On November 13, 2025, counsel for all defendants in the matter appeared for plaintiff's deposition. Panza Declaration at ¶ 4. Then, just before the deposition was to start at 7:00 a.m., Drs. Ma and Uddin's counsel received an email from the prison that plaintiff would not be attending his deposition. Id. at ¶ 5. Counsel asked the prison to re-contact plaintiff about his deposition to give him another chance to attend, and all counsel agreed to stand by for a reasonable period of time to see if plaintiff would change his mind and appear for deposition. Id. at ¶¶ 5-6. Counsel waited until after 7:30 a.m. but plaintiff had not appeared, so the proceeding was terminated.

Counsel reports that, according to a correctional officer tasked with escorting plaintiff from his cell to the videoconference location at the prison, plaintiff initially refused to leave his cell for the 7:00 a.m. deposition, and then when given a second chance to attend, plaintiff refused to abide by prison safety protocol in order to receive an escort from his cell to the videoconference location for his deposition, belligerently yelling at the correctional officer and her partner "Fuck no! No one gets striped out! This is just a video call! Get the fuck off my door!" and would not leave his cell. Valencia Declaration at ¶¶ 4-9. Because plaintiff did not appear for his noticed deposition, Dr. Ma and Dr. Uddin seek an order compelling plaintiff to appear for his deposition and also seek an award of monetary sanctions against plaintiff for his unjustified failure to attend and testify at deposition. Panza Declaration at ¶¶ 9-10.

E. Plaintiff's Opposition to the Discovery Motions

Plaintiff did not oppose each individual motion, but he did file an "emergency motion to notify the Court of situation with Deposition Defense counsel for J. Ma, M.D. and M. Uddin, M.D." which contained a substantive response to all of the pending discovery motions. ECF No. 103 at 1. In this response, plaintiff does not dispute that he refused to attend his deposition. He stated that he refused to attend because he did not want to miss breakfast and the opportunity to take his medications. Id. at 2. Plaintiff asserts that defendants are conspiring against him, and that he did not attend his deposition because defendants "refused to schedule the deposition appointment at a reasonable time. Which would have been after 9:00 a.m." Id. at 3. Plaintiff asserts that defense counsel "expects me to help him build his case against me, which I told him that I will not do." Id.

Plaintiff also addresses his interrogatory and request for production responses, stating that defense counsel "has all the documented evidence issued to him from the California Department of Correction. The questions he has for me Defense counsel can ask me in trial when I take the witness stand." Id. Plaintiff indicates an unwillingness to discuss the matter further, stating "[t]here is nothing we can agree to when Defense Counsel said no to settlement talks. Defense Counsel never made me an offer." Id. Finally, plaintiff apologizes to the court for his delayed responses, stating he is dealing with a wide variety of physical and mental health conditions. Id. at 4.

F. Plaintiff's Motion for Expedited Trial

Plaintiff filed a motion for an expedited trial. ECF No. 112. Defendants oppose the motion. ECF Nos. 114, 116. Plaintiff asks that his case be heard at trial immediately, citing general concerns for his safety in prison. ECF No. 112 at 1-5.

## III. Analysis

Defendants' motions are made pursuant to Rule 37, Federal Rules of Civil Procedure. Under Rule 37(a)(3)(C), a party may make a motion to compel another party to answer questions at his deposition; if the motion is granted, the movant may be entitled to reimbursement of his reasonable expenses, see Rule 37(a)(5)(A). Similarly, under Rule 37(d), a party who fails to

attend his deposition may be required to pay the movant's reasonable expenses. A broader range of sanctions, including dismissal of an action, is authorized under Rule 37(b) if a party fails to comply with a court order. See Fed. R. Civ. P. 37(b)(1) (failure to abide by court order directing cooperation with deposition may be treated as contempt of court); Fed. R. Civ. P. 37(b)(2)(A) (range of sanctions include dismissal of action in whole or part).

It is clear to the court that plaintiff is not participating in discovery as required by the court's prior order and the Federal Rules of Civil Procedure, and it appears from plaintiff's briefing that he does not intend to do so. Plaintiff would like to move directly to trial, but that is not an option; discovery is a necessary part of the litigation process. It is insufficient for plaintiff to respond to interrogatories and requests for production by making the conclusory assertion that defendants already have everything they need; plaintiff must provide substantive responses. It is also unacceptable for plaintiff not to attend his deposition.

For these reasons, defendants' motions to compel responses to written discovery (ECF No. 97, 99, 100) are GRANTED and plaintiff must file proper responses within 30 days of this order. Defendants' motion to compel plaintiff's deposition (ECF No. 101) is also GRANTED, subject to proper notice at least fourteen days in advance. Plaintiff is directed to appear at his rescheduled deposition and to fully cooperate in answering all questions to the best of his ability. Plaintiff's motion for an expedited trial (ECF No. 112) is DENIED because discovery must be completed before this case can go to trial. Should plaintiff fail to cooperate, the undersigned will, upon proper motion, recommend to the district judge this action be dismissed due to plaintiff's failure to prosecute and failure to abide to the rules and orders of this court. See Fed. R. Civ. P. 11, 41(b); see also Local Rule 110.

Defendants' requests for monetary sanctions are all denied without prejudice. Although defendants invested substantial time and expense related to these motions and plaintiff's unsuccessful initial deposition, awarding monetary sanctions at this time would not further the interests of justice considering plaintiff's in forma pauperis status. However, if plaintiff fails to participate in his newly scheduled deposition, the court may reconsider this matter. This case has been pending for over five years, and the court will tolerate no further delay.

## IV. Pro Se Plaintiff's Summary

Defendants' discovery motions are granted and your motion for an expedited trial is denied because participating in discovery is required before a case can go to trial. You MUST attend your deposition AND answer the written discovery for this case to move forward. If you do not, this case will be dismissed.

## V. Conclusion

Defendants' motions to compel responses to written discovery (ECF Nos. 97, 99, 100) are GRANTED and plaintiff must file proper responses within 30 days of this order. Defendants' motion to compel plaintiff's deposition (ECF No. 101) is GRANTED, subject to proper notice at least fourteen days in advance. Plaintiff's motion for an expedited trial (ECF No. 112) is DENIED.

IT IS SO ORDERED.

DATED: August 18, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE